UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. |
| | ) | |
| v. | ) | Violation: |
| | ) | |
| MIAKEL BISHAY, | ) | Count One: |
| | ) | Conspiracy to Commit Securities Fraud |
| Defendant | ) | (18 U.S.C. § 371) |
| | ) | |
| | ) | Forfeiture Allegation: |
| | ) | (18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461(c)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.    Defendant MIAKEL BISHAY lived in California, where he owned and operated a salon.

2.    Victim Law Firm A ("Law Firm A") was one of the largest corporate law firms in the world by revenue.

3.    Nicolo Nourafchan ("Nourafchan") lived in California.  From in or about 2021 to 2023, Nourafchan worked on mergers and acquisitions as a corporate associate at Law Firm A.

4.    Lorenzo Nourafchan ("L. Nourafchan") lived in California and was the brother of Nourafchan.  L. Nourafchan was a client of BISHAY.

5.    Co-conspirator 1 ("CC-1") lived in California and was BISHAY's friend.

6.    iRobot Corporation ("iRobot") was an American technology company.  At relevant times, iRobot traded on the NASDAQ under the ticker symbol IRBT.  On or about August 5, 2022, iRobot and Amazon.com, Inc. ("Amazon") announced a definitive agreement under which Amazon agreed to acquire iRobot.  Law Firm A represented iRobot in connection with its

acquisition by Amazon. At the time of the announcement of iRobot's acquisition, Nourafchan worked for Law Firm A, and owed duties of loyalty, trust, and confidence to Law Firm A and its clients.

7.    KnowBe4, Inc. ("KNBE") was an American information technology security company. At relevant times, KNBE traded on the NASDAQ under the ticker symbol KNBE. On or about October 12, 2022, KNBE and Vista announced a definitive agreement under which Vista agreed to acquire KNBE. Law Firm A represented an investment bank advising a special committee of KNBE's board of directors in connection with KNBE's acquisition by Vista. At the time of the announcement of KNBE's acquisition, Nourafchan worked for Law Firm A, and owed duties of loyalty, trust, and confidence to Law Firm A and its clients.

Overview of the Conspiracy

8.    Beginning no later than July 2022 and continuing through at least March 2023, BISHAY conspired with Nourafchan, L. Nourafchan, CC-1, and others known and unknown to the U.S. Attorney to obtain material non-public information ("MNPI") about the merger-and-acquisition activity of various publicly-traded companies and to execute securities trades while in possession of that MNPI. As part of the conspiracy, Nourafchan and others obtained MNPI from corporate insiders, including MNPI that Nourafchan misappropriated from his employer and its clients. Nourafchan and others then passed that MNPI to individuals whom Nourafchan recruited to join the conspiracy as traders, as well as individuals serving as middlemen, including L. Nourafchan. Those middlemen then recruited other middlemen and traders, and passed the MNPI to those individuals, including BISHAY, who then traded while in possession of the MNPI and passed the MNPI to other traders recruited to join the conspiracy, including CC-1, who traded while in possession of the MNPI that BISHAY provided to him.

2

Object and Purposes of the Conspiracy

9.      The object of the conspiracy was to commit securities fraud by trading in the securities of various companies while in possession of MNPI about those companies.  The principal purposes of the conspiracy were to make money and to conceal the conspirators' actions from others, including regulators and law enforcement.

Manner and Means of the Conspiracy

10.     Among the manner and means by which BISHAY, Nourafchan, L. Nourafchan, CC-1, and others known and unknown to the U.S. Attorney carried out the conspiracy were the following:

a.      Recruiting attorneys and other corporate insiders, who had access to MNPI about the merger-and-acquisition activity of publicly traded companies;

b.      Misappropriating and sharing that MNPI, in violation of the duties of loyalty, trust, and confidence the attorneys, including Nourafchan, owed to the sources of the MNPI, including the attorneys' employers and their clients;

c.      Recruiting co-conspirators who agreed to act as middlemen and find traders to trade while in possession of the MNPI;

d.      Recruiting co-conspirators who agreed to trade in the securities of public companies while in possession of MNPI in exchange for an agreement to share in the profits generated by their insider trading and other benefits;

e.      Trading in the securities of those companies while in possession of MNPI about them;

3

f. Transferring proceeds of the illicit trading to corporate insiders and other co-conspirators in cash and other transactions designed to conceal and disguise the nature, location, source, ownership, and control of the insider trading proceeds; and

g. Taking steps to conceal the conspiracy from regulators and law enforcement, including by communicating about the MNPI in person and via encrypted messaging applications, using coded language, and transferring proceeds in cash.

<u>Overt Acts in Furtherance of the Conspiracy</u>

11. Beginning no later than in or about July 2022 and continuing through at least March 2023, BISHAY, Nourafchan, L. Nourafchan, and CC-1, together with others known and unknown to the U.S. Attorney, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

*iRobot*

12. In or about July 2022, after Nourafchan misappropriated MNPI from Law Firm A and its client regarding iRobot's potential acquisition, and after L. Nourafchan received that MNPI from Nourafchan, L. Nourafchan passed the MNPI to BISHAY, who traded in possession of the MNPI and provided the MNPI to CC-1, pursuant to an agreement under which CC-1 would trade in possession of the MNPI in exchange for sharing a portion of the trading proceeds with L. Nourafchan and BISHAY.

13. On or about July 18, 2022, CC-1 purchased iRobot securities while in possession of MNPI regarding the potential acquisition.

4

14.     On or about July 22, 2022, BISHAY purchased iRobot securities while in possession of MNPI regarding the potential acquisition.

15.     On or about August 5, 2022, following the announcement regarding iRobot's acquisition, CC-1 and BISHAY sold iRobot securities they had purchased.

*KNBE*

16.     In or about October 2022, after Nourafchan misappropriated MNPI from Law Firm A and its client regarding KNBE's potential acquisition, and after L. Nourafchan received that MNPI from Nourafchan, L. Nourafchan passed the MNPI to BISHAY, who traded in possession of the MNPI and provided the MNPI to CC-1, pursuant to an agreement under which CC-1 would trade in possession of the MNPI in exchange for sharing a portion of the trading proceeds with L. Nourafchan and BISHAY.

17.     On or about October 6, 2022, BISHAY and CC-1 purchased KNBE securities while in possession of MNPI regarding the potential acquisition.

18.     On or about October 12, 2022, following the announcement regarding KNBE's acquisition, BISHAY and CC-1 sold KNBE securities they had purchased.

COUNT ONE
Conspiracy to Commit Securities Fraud
(18 U.S.C. § 371)

The U.S. Attorney charges:

19.     The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 to 18 of this Information.

20.     From in or about July 2022 and continuing through at least March 2023, in the District of Massachusetts and elsewhere, the defendant,

MIAKEL BISHAY,

conspired with Nicolo Nourafchan, Lorenzo Nourafchan, CC-1, and others known and unknown to the U.S. Attorney to commit securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5, to wit: knowingly and willfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of a national securities exchange, directly and indirectly to use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, in contravention of Rule 10b-5 of the Rules and Regulations promulgated by the United States Securities and Exchange Commission, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit in connection with the purchase and sale of securities.

All in violation of Title 18, United States Code, Section 371.

6

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

21.     Upon conviction of the offense charged in Count One, the defendant,

MIAKEL BISHAY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

22.     If any of the property described in Paragraph 21, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 21 above.

7

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

LEAH B. FOLEY
UNITED STATES ATTORNEY

By:  */s/ Ian J. Stearns*
KAITLIN R. O'DONNELL
IAN J. STEARNS
Assistant United States Attorneys